IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FAES & COMPANY (LONDON) LIMITED, | Case No. 22-cv-07121 |
| Plaintiff, | Judge: Hon. Virginia M. Kendall |
| v. | Hearing: June 1, 2023 at 9:00 a.m. |
| BLOCKWARE SOLUTIONS, LLC, | |
| Defendant. | |

## JOINT REPORT OF RULE 26(f) MEETING AND INITIAL CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on March 31, 2023, and exchanged communications thereafter, and submit the following joint report of their meeting for this Court's consideration.

**Preliminary Statement:**

Currently pending before the Court is defendant Blockware Solutions, LLC's ("Blockware") Motion to Dismiss the Complaint. Resolution of Blockware's motion may affect various issues discussed below, including jurisdiction.

### 1. Attorneys of Record

**Plaintiff Faes & Company (London) Limited:**

| Lead Counsel | Local Counsel |
|---|---|
| Alan E. Engle (admitted *pro hac vice*)<br>MEADOR & ENGLE<br>1115 Seal Way<br>Seal Beach, CA 90740<br>(310) 428-6985<br>alan.engle@meenlegal.com | Wesley E. Johnson (Ill. Bar# 6225257)<br>Goodman Tovrov Hardy & Johnson LLC<br>105 W. Madison, Ste. 1500<br>Chicago, IL 60602<br>(312) 752-4828<br>wjohnson@goodtov.com |

**Defendant Blockware Solutions, LLC:**

| Lead Counsel | Local Counsel |
|---|---|
| Meghan K. Spillane (admitted *pro hac vice*) | Katrina Christakis (Ill. Bar# 6242675) |
| Catherine Tremble (admitted *pro hac vice*) | Alan Ritchie (Ill. Bar# 6329217) |
| Goodwin Procter LLP | Pilgrim Christakis LLP |
| The New York Times Building | One South Dearborn |
| 620 Eighth Avenue | Suite 1420 |
| New York, NY 10018 | Chicago, Illinois 60603 |
| (212) 459-7193 | (312) 939-0920 |
| (212) 459-7122 | (312) 924-1773 |
| MSpillane@goodwinlaw.com | kchristakis@pilgrimchristakis.com |
| CTremble@goodwinlaw.com | aritchie@pilgrimchristakis.com |

### 2. Basis for Federal Jurisdiction

Plaintiff Faes & Company (London) Limited ("Faes & Co.") asserts federal subject matter jurisdiction based on diversity. Defendant Blockware argues that Plaintiff has not met its burden of establishing diversity jurisdiction for reasons set forth in its pending Motion to Dismiss.

### 3. The Nature of the Claims Asserted

**Plaintiff's Statement:**

Plaintiff Faes & Co. filed this action alleging breach of contract, negligence, deceptive trade practices, and fraud relating to the purchase of approximately $525,000 in bitcoin mining machines and bundled hosting services from defendant Blockware Solutions, LLC ("Blockware").

Faes & Co. alleges, inter alia, that Blockware breached its agreement to procure and host the machines at facilities owned by Blockware in a commercially reasonable manner consistent with its representations to Faes. Faes & Co. alleges deployment of the machines was delayed, Blockware unilaterally increased it power fees, and that the machines experienced significant downtime due to power curtailment at the facilities in which they were hosted. Faes & Co. alleges it was induced to contract with Blockware as a result of Blockware's fraudulent statements and material misrepresentations regarding its services, operations, and ability to host Faes & Co. bitcoin miners.

2

**Defendant's Statement:**

Blockware asserts that Plaintiff has stated no claim for relief because (1) Blockware facilitated Faes & Co's purchase of bitcoin mining equipment consistent with the terms of the parties' Services Agreement; and (2) Blockware then provided hosting and services in connection with that mining equipment consistent with its obligations, disclaimers, and limitations of liability as set forth in the Co-Location Facility Services Agreement. Blockware further asserts that the relief Plaintiff seeks is expressly disclaimed by the operative agreements.

Blockware also argues that Plaintiff cannot meet its burden of establishing diversity jurisdiction because it failed to demonstrate that a foreign entity was the party to the relevant agreements.

Finally, Blockware argues that, to the extent any of Plaintiff's claims survive motion to dismiss, the claims should be heard before the American Arbitration Association ("AAA"), as specified in the Co-Location Facility Services Agreement.

**4. The Name of Any Party Not Yet Served**

All parties have been served.

**5. Principal Legal Issues**

**Plaintiff's Statement:**

Blockware raises various legal issues in its pending Motion to Dismiss, focused largely on the applicability of a form Blockware "Services Agreement" and a "Co-Location Facility Services Agreement," the latter of which was not agreed to or signed by Faes & Co. Plaintiff expects most legal issues will concern breach of contract and fraud and related damages. Faes & Co. does not anticipate significant novel legal questions.

**Defendant's Statement:**

The principal legal issue to be determined by the Court is whether the Co-Location Facility Services Agreement—and specifically its limitation of liability provisions and disclaimers—is enforceable against Plaintiff based upon the course of conduct and performance of the parties, even

though the Complaint alleges that Plaintiff never signed the agreement. The Court's decision in this regard will also determine the applicability of the arbitration provision.

### 6. Principal Factual Issues

**Plaintiff's Statement:**

The Complaint and related exhibits detail the nature and course of the relationship between Faes & Co. and Blockware, including the inception of agreement to procure and host Faes & Co.'s bitcoin miners and Faes & Co.'s growing frustration as the relationship progressed. Faes & Co. expects fact discovery to focus on Blockware's failure to adhere to its representations to Faes & Co., failure to perform reasonably in a manner consistent with its agreement to host Faes & Co.'s bitcoin miners, failure to place Faes & Co.'s interests before its own, and the knowing falsity of representations made to Faes & Co., including regarding the ownership, average downtime, and curtailment of power at its Pennsylvania facility.

**Defendant's Statement:**

If and when discovery is needed, Blockware anticipates that the facts will show that it provided services to Plaintiff consistent with its obligations under the parties' agreements, that the matters that Plaintiff now complains of were outside of Blockware's control, and that liability arising from such circumstances was expressly disclaimed by the agreements. Blockware also anticipates that discovery will show that none of its employees made any knowingly false or misleading representations, but instead conveyed the information that was available to them at the time the alleged statements were made.

### 7. Jury Trial

Plaintiff Faes & Co. has demanded a jury trial.

### 8. Discovery Status

The parties have not yet propounded discovery pending the Rule 26(f) Case Management Conference. Blockware is currently seeking to dismiss this matter and/or have it moved to

4

arbitration. Faes & Co. anticipates serving discovery requests shortly after the Case Management Conference, subject to determination of Blockware's Motion to Dismiss.

If and when discovery is needed following the determination of Blockware's Motion to Dismiss, Blockware similarly anticipates serving discovery requests after the Case Management Conference.

### 9. Agreed Discovery Proposals

The parties have not agreed to any specific proposals regarding discovery. Faes & Co. does not anticipate the need for an expert witness at this time.

### 10. Trial Date and Length

Subject to the Court's availability, Faes & Co. anticipates that it would be ready for trial in approximately one year. Faes & Co. expects trial to require approximately one week. Faes & Co.'s counsel currently has trials set for late May 2024 and early September 2024. Faes & Co.'s proposed schedule is acceptable to Blockware.

### 11. Magistrate Consent

The parties do not consent to proceed before a Magistrate Judge at this time.

### 12. Status of Settlement Discussions

The parties have not had substantive settlement discussions and do not request a settlement conference at this time.


Respectfully submitted,


MEADOR & ENGLE


Dated: May 25, 2023                 By: _/s/ Alan E. Engle_____
                                            Alan E. Engle

                                    Attorneys for Plaintiff,

Faes & Company (London) Limited

GOODWIN PROCTER LLP

Dated:  May 24, 2023               By: */s/ Meghan K. Spillane*
                                       Meghan K. Spillane

Attorneys for Defendant,
Blockware Solutions, LLC
.